IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL LAWRENCE BARNETT,

      **Plaintiff,**

      v.                                  CASE NO. 22-3187-JWL-JPO

WICHITA POLICE DEPARTMENT,
et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. On September 30, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff until October 21, 2022, in which to show good cause why his Complaint should not be dismissed. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Doc. 4).

Plaintiff seeks the appointment of counsel, arguing that this case will require considerable discovery, he is indigent and does not have access to typing or a printer, he is ill-suited to conduct a jury trial, the issues are complex, he has limited access to the law library, he is unable to afford counsel, and counsel can negotiate the settlement of meritorious claims. (Doc. 4, at 4–5.)

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v.*

*Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

The Court cautions Plaintiff that his response to the MOSC is due by October 21, 2022.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (Doc. 4) is **denied without prejudice.**

**IT IS SO ORDERED**.

**Dated October 5, 2022, in Kansas City, Kansas.**

<u>S/ James P. O'Hara</u>
**JAMES P. O'HARA**
**UNITED STATES MAGISTRATE JUDGE**