IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL LAWRENCE BARNETT,

    **Plaintiff,**

    v.                                        CASE NO. 22-3187-JWL-JPO

WICHITA POLICE DEPARTMENT,
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights case under 42 U.S.C. § 1983. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. On September 30, 2022, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC"), granting Plaintiff until October 21, 2022, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has filed a response (Doc. 8).

Plaintiff alleges in his Complaint that he was charged in violation of the Kansas and United States Constitutions. (Doc. 1, at 3.) He claims that Detective Kenneth Davis deliberately made false statements in the affidavit and application for a search warrant. *Id*. Plaintiff claims that McCowen illegally obtained probable cause to illegally search his phone when his vehicle doors were closed. *Id*. Plaintiff alleges that he has brought these same claims in state court, but he has received no relief. *Id*. at 4.

The Court noted in the MOSC that it appears that Plaintiff's claims relate to his 2009 state criminal case. The Court found that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of

limitations.  The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

In his response, Plaintiff reasserts the facts underlying his alleged unlawful search and seizure.  He confirms that it happened on February 1, 2009.  (Doc. 8, at 2.)  Plaintiff filed his Complaint on September 1, 2022.  Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

The Court also found in the MOSC that to the extent Plaintiff challenges the validity of his sentence in his state criminal case, his federal claim must be presented in habeas corpus.  "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*"  *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added).  Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  Plaintiff has not alleged that the conviction or sentence has been invalidated.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 26, 2022, in Kansas City, Kansas.**

                                        <u>**S/   John W. Lungstrum**</u>
                                        **JOHN W. LUNGSTRUM**
                                        **UNITED STATES DISTRICT JUDGE**